IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                             Criminal No. 1:13-CR-10005

ERICK D. WYRICK                                                                 DEFENDANT

**ORDER**

  BEFORE the Court is the Motion for Defendant to be Released on Bail Pending Trial and Request for Detention Hearing. ECF No. 33. The Government has responded and objects to a new detention hearing and Defendant's release. ECF No. 34. This Motion has been referred to the undersigned for decision. For the reasons set out below the Court **DENIES** the Motion for Release.

**1. Background**

  On March 6, 2013 the Grand Jury for the Western District of Arkansas returned a multi-count Indictment charging Defendant with numerous violations of Title 21 U.S.C. §§ 841. ECF No. 1. Defendant was arrested on March 21, 2013 based on the aforementioned Indictment and warrant and appeared for an initial appearance on March 22, 2013. ECF No. 7. Following a detention hearing on March 25, 2013, the Court found Defendant had overcome the presumption of detention and Defendant was released on bail with certain conditions, pending trial. ECF No. 12.

  Thereafter, the Government sought to revoke Defendant's pretrial release based on Defendant's alleged perjury during the earlier detention hearing. ECF No. 16. The Court held a hearing on April 19, 2013 to consider the Governments Motion to Revoke. ECF No. 21. Defendant again testified, and admitted he had not been truthful in his testimony at the initial detention hearing.

ECF No. 21.  Following the hearing, the Court revoked Defendant's pretrial release, primarily because of Defendant's admission he had lied under oath at the previous detention hearing.  ECF No. 23.

In his current Motion, Defendant says he now seeks release on bail alleging the following reasons for his release:

> He has no previous criminal history and the pending federal charges do not involve guns or violence.  He was previously ordered held without bond due to alleged perjury at his detention hearing regarding whether he had received proceeds from winning a prize in the state lottery.
>
> Due to his lengthy period of incarceration and the fact that his trial date is still over (90) ninety days away, the defendant respectfully requests to be released on bond pending his trial setting
>
> If he is released, the defendant would be residing with his fiancé, Latonya Norton, who lives in Texarkana, Texas. Ms. Norton has no criminal history, is gainfully employed and does not use drugs. She has a young daughter who resides with her, and is a responsible parent and citizen.
>
> The defendant is not a flight risk and is willing to post a reasonable bond to ensure his appearance in court. Further, he is not on drugs and would be willing to submit to drug testing and any other rules required by the court and U.S. Probation Office.
>
> In addition, he would like to be released so he can work and contribute income to his finance prior to his trial date.

ECF No. 33. Defendant attached an affidavit of Latonya Norton to his Motion confirming Defendant could reside with her pending trial in this matter if he were released.  *Id.*

**2.  Discussion**

Defendant has already exercised his right to a Detention hearing.  The Court, after considering all of the evidence and information offered at that hearing, including Defendant's own

testimony, found he had overcome the presumption of detention found at 18 U.S.C. § 3142(e). ECF No. 12. Defendant was then released. Thereafter, Defendant admitted he had not been truthful during his testimony at the detention hearing and the Court revoked his pretrial release. Defendant now seeks a second detention hearing.

Section 3142 dictates when a detention hearing may be reopened:

> . . .The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C.A. § 3142(f)(2)(B).

I have reviewed the prior orders in this case relative to detention, the transcript of the initial detention hearing, as well as the minutes of the prior detention hearings. I have carefully considered the Defendant's Motion and the attached affidavit of Lotonya Norton. I note Ms. Norton also testified at the initial detention hearing. There is no allegation that new information exists "not known to the movant at the time of the [original] hearing" which would be material to the decision regarding release. The fact remains the Defendant was untruthful to the Court at the original detention hearing. He has offered no new information which leads me to believe there are now conditions of release which would assure the safety of the community. Further, I note this remains a presumptive detention case and find that even if true, the allegations contained in the Motion for Defendant to be Released, would not overcome the presumption of detention.

**IT IS ORDERED** the Motion for Defendant to be Released on Bail Pending Trial and

Request for Detention Hearing (ECF No. 33) is **DENIED**.

      **Signed** this **12th day of February 2014.**

                                                                                                       */s/* Barry A. Bryant  
                                                                                                        HON. BARRY A. BRYANT  
                                                                                                         U. S. MAGISTRATE JUDGE